MATTHEW L. SEROR (SBN: 235043)
mseror@buchalter.com
BUCHALTER
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA  92612-0514
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

STEPHEN J. STRAUSS (SBN: 110030)
 sstrauss@buchalter.com
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA  90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

Attorneys for Plaintiff
YOBI VENTURES LLC  ____

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOBI VENTURES LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>YIB INC., a Delaware corporation,<br><br>Defendant. | **COMPLAINT FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Yobi Ventures LLC ("""Yobi" or "Plaintiff"), by and through its attorneys, brings this action and alleges against defendant Yib Inc. ("YiB" or "Defendant"), as follows:

## THE PARTIES

1. Plaintiff is a Delaware limited liability company with a principal place of business located in New York, New York.

2. Plaintiff is informed and believes, and on that basis alleges, that Defendant Yib Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 15166 Los Gatos Blvd., Los Gatos, California 95032.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*; 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121, *et seq.* insofar as the claims alleged herein arise under The Lanham Act.

4. This Court has personal jurisdiction over Defendant insofar as Defendant maintains its principle place of business within this judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district.

## COUNT I

### Declaratory Judgment of No Trademark Infringement

6. Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 through 5 as though fully set forth herein.

7. Plaintiff is a data aggregation and analytics company which uses the latest in artificial intelligence advances to make vast quantities of ethically sourced consumer data available to businesses of all sizes to predict future events. Plaintiff offers its services under the name YOBI and has been doing so since at least as early as 2019.

8. Plaintiff is informed and believes, and on that basis alleges, that Defendant is a telecommunications company which aims to streamline consumer

communications and interactions through the use of various tools and programs, some of which use artificial intelligence technologies. Plaintiff is informed and believes, and on that basis alleges, that Defendant offers its services under the name YOBI.

9. On or about August 22, 2023, Defendant, through counsel, sent Plaintiff a letter within which it alleged that Defendant was the senior user of the YOBI mark and that Plaintiff's use of YOBI infringed upon Defendant's rights. In addition to common law rights, Defendant's letter asserted that Defendant owned a United States Trademark Registration (Reg. No. 6,426,768) in its YOBI mark.

10. Among other allegations contained in Defendant's letter, Defendant claimed that:

(a) it had "nationwide, exclusive rights" in the YOBI mark;

(b) Plaintiff's use of the term YOBI infringed upon the rights of Defendant and was "likely to cause confusion, or to cause mistake, or to deceive consumers as to the source, sponsorship or affiliation with [Defendant] and its YOBI branded services" pursuant to 15 U.S.C. § 1125(a);

(c) "*every single* likelihood of confusion factor favors a finding of confusion and thus infringement of [Defendant's] trademark"[1];

(d) Plaintiff's "use of the Infringing Marks not only creates confusion, but it also unfairly trades on the valuable goodwill in the YOBI mark."

(e) Plaintiff's conduct could "warrant a finding of willful infringement;" and

(f) a finding "willful infringement" could increase "the potential damages award by three times should a court find trademark infringement (which is highly probable […])"

---

[1] Defendant's letter includes a factor-by-factor legal analysis of the applicable likelihood of confusion factors and asserts that each one favors Defendant's infringement claim.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 83136238v1

11. Defendant's August 22, 2023 letter demands that Plaintiff "immediately cease and desist from the use of, or intent –to-use, the Infringing Mark" and reserves all of Defendant's rights, remedies and claims against Plaintiff.

12. While Defendant's August 22, 2023 letter made sweeping allegations as to Plaintiff's alleged infringement of Defendant's rights, it failed to include any evidence that supports Defendant's contention that it is the senior user of the YOBI mark. In fact, upon investigating the claims alleged in Defendant's letter, it became apparent that Defendant's first use of YOBI **post-dated** Plaintiff's use, thereby making Plaintiff the senior user of the mark, not Defendant.

13. More specifically, Plaintiff's investigation into Defendant's alleged first use of its purported YOBI mark revealed that while Defendant may have been using the term YIB in 2018 (Defendant YIB Inc. was formed in 2018), it did not begin using the term YOBI until 2020, *after* Plaintiff's first use.

14. For example, Defendant's trademark application for its purported YOBI mark references a 2018 date of first use. The specimen provided to the trademark office in support of the application (uploaded on October 28, 2020) reflects the use of YOBI on the yib.io website:



15. But Plaintiff's investigation revealed that the earliest iteration of the www.yib.io website existed on October 28, 2018 (with no content on the page), with the first use of YOBI on that website not occurring until August 12, 2020:



16. Similarly, Plaintiff is informed and believes, and on that basis alleges, that Defendant did not use YOBI on its Instagram page until December 30, 2020:



17. Plaintiff is informed and believes, and on that basis alleges, that Defendant did not use YOBI on other social media platforms (such as Twitter) until April 2021.

18. Plaintiff is informed and believes, and on that basis alleges, that Defendant did not register the www.yobi.app domain until February 22, 2022.

19. The foregoing support a finding that Plaintiff's use of YOBI pre-dates Defendant's purported usage of YOBI.

20. While scant, even the evidence Defendant did provide in an attempt to establish itself as the senior user failed to support Defendant's assertion that it began using YOBI in 2018. For example, Defendant provided Plaintiff with its Facebook "page transparency" report, which references that Defendant's Facebook page was created in March of 2018:



21.  But the screengrab provided by Defendant was incomplete.  The full Facebook page transparency report (which is publicly available) reflects that while the page was created in March of 2018, it was created as "Yib.io" and that the page changed its name to Yobi on November 14, 2020:



22.     Given Plaintiff's investigations, Plaintiff is informed and believes that Plaintiff's use of YOBI pre-dates Defendant's use, making Plaintiff the senior user of the YOBI mark. Despite repeated requests, Defendant has refused to provide any proof of its use of YOBI such as to make Defendant the senior user.

23.     Plaintiff is informed and believes, and on that basis alleges, that as the senior user, Plaintiff has superior rights to the term YOBI.

24.      An actual and justiciable controversy has arisen and now exists between Plaintiff and Defendant as to who is the senior user of the term YOBI.

25.     In light of the facts alleged herein, Defendant's allegations that it has senior rights to the term YOBI and that Plaintiff's use is infringing, coupled with Defendant's threats of anticipated litigation stemming from Plaintiff's use of YOBI, the dispute between Plaintiff and Defendant is definite, immediate and substantial.

26.     Defendant's allegations have caused uncertainty regarding the trademark rights of Plaintiff and Defendant and whether Plaintiff's use of YOBI infringes upon Defendant's rights (if any).

27.     By this Complaint, Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that it is the senior user of YOBI and that its use of YOBI does not infringe upon the rights of Defendant.

28.     Plaintiff is entitled to a declaratory judgment of its rights under 28 U.S.C. § 2201 in order to resolve the dispute existing between the parties and afford relief from the uncertainty and harm that Defendant's allegations have caused.

## PRAYER FOR RELIEF

Therefore, Plaintiff prays for declaratory judgment against Defendant that:

A.     Plaintiff is the senior user of YOBI and that its rights in YOBI are superior to those of Defendant, if any;

B.     Such other relief as this Court deems just and proper.

Dated: June 19, 2024

BUCHALTER
A Professional Corporation

By: _____/s/ Matthew L. Seror_____
MATTHEW L. SEROR
Attorneys for Plaintiff
YOBI VENTURES LLC

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues in the Complaint that are triable by jury.

Dated:  June 19, 2024

BUCHALTER
A Professional Corporation


By: _____/s/ Matthew L. Seror_____
     MATTHEW L. SEROR
     Attorneys for Plaintiff
     YOBI VENTURES LLC